UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-01327-NCC |
| | ) | |
| CHEYENNE LOGISTICS, LLC, and | ) | |
| JOSEPH NOERNBERG, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Settlement Approval (Doc. 33). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 12). For the following reasons, the Court **GRANTS** the parties' Joint Motion for Settlement Approval.

## I. BACKGROUND

On July 29, 2014, Plaintiff William Bench ("Bench") filed this suit in his individual capacity for his single-plaintiff claim against Defendants Cheyenne Logistics, LLC and Joseph Noernberg ("Defendants") alleging that Defendants improperly classified him as an independent contractor and paid him a flat hourly rate without regard to overtime hours worked in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and in violation of Missouri's Wage and Hour Laws, § 290.505 R.S.Mo., *et seq.* (Doc. 1). Plaintiff also alleges that Defendants were unjustly enriched through the unpaid wages (*Id.*). On September 18, 2014, Defendants answered the complaint denying all allegations (Docs. 8, 9). A Rule 16 Conference was held on December 9, 2014 and a case management order was issued that same day (Docs. 15, 16). The Case Management order was subsequently modified (Docs. 20, 24) and this case was referred to

alternative dispute resolution on February 22, 2016 (Doc. 28). On May 2, 2016, the parties filed a Joint Motion for Settlement Approval (Doc. 33) and, under seal, a copy of the settlement agreement (Doc. 35).

## II. DISCUSSION

### A. Court Approval of FLSA Settlements

The Court first notes that "the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Boland v. Baue Funeral Home Co.*, No. 4:15-CV-00469 RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (internal quotation marks emitted). *See, e.g., King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012)) (enforcing private settlement agreement entered without judicial consent where plaintiffs were represented by counsel and the court determined a bona fide dispute existed at the time the settlement was entered); *Carrillo v. Dandan Inc.*, Civ. No. 13-671 (BAH), 2014 WL 2890309, at *5 (D.D.C. June 26, 2014) (finding that "no binding case law in this Circuit requires a district court to assess proposed FLSA settlements ex ante"); *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"). Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2; *Carrillo*, 2014 WL 2890309, at *5 ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date."). "[R]eview of a proposed FLSA settlement,"

however, "is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 2014 WL 2890309, at *8.

**B. The Proposed Settlement**

A district court may only approve a FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Fry v. Accent Mktg. Servs. L.L.C.*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Here, the Court notes that the proposed settlement is the product of contested litigation because the parties dispute Plaintiff's claims that he was not properly paid overtime wages.

"In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *King*, 2015 WL 631253, at *2 (citing *Carrillo*, 2014 WL 2890309, at *6 (taking into account the 'totality of the circumstances' to determine the fairness of a FLSA settlement)). This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures "the agreement

3

reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." *Lliguichuzhca*, 948 F. Supp. 2d at 365. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of a FLSA settlement") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds the parties' proposed settlement fair and reasonable to all parties. The settlement provides payment for compensation and attorney's fees in the amount of $52,000.00[1]. The Court finds no evidence of overreaching on the part of Defendants based upon the amount of the settlement proceeds provided to Bench. The settlement is a product of arm's length negotiation; all parties involved have been represented by experienced counsel throughout the litigation. *Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). Furthermore, the parties agreed to the settlement only after completion of significant discovery. *See Risch v. Natoli Engineering Co., LLC*, No. 4:11-CV-1621 (AGF), 2012 WL 4357953, at *3 (E.D. Mo. Sept. 24, 2012) (the settlement agreement occurred after the parties engaged in "extensive fact discovery, exchanging and reviewing significant numbers of documents … all documents necessary to evaluate the class claims and damages.").

---

[1] The parties agree that judgment should be entered against Defendants for $52,000.00. However, Bench will accept the sum of $30,000.00 as payment in full and complete settlement. The parties stipulate to a system whereby Bench receives a partial payment of the full amount followed by incremental payments. The total amount owed to Bench may increase from $30,000.00 to $52,000.00 if there is a default in payments.

4

Normally, the Court also must assess the reasonableness of a plaintiff's attorney's fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. *Lliguichuzhca*, 948 F. Supp. 2d at 366. Attorney's fees in FLSA settlement are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee through negotiation, "there is a greater range of reasonableness for approving attorney's fees." *Wolinsky*, 900 F. Supp. 2d at 336 (internal citations and quotations omitted).

The case is not a collective action. Bench and his counsel have not requested attorney's fees outside the proposed settlement. Plaintiff's counsel also indicates that although she incurred approximately $28,000.00 in attorney's fees and $3,000.00 in out of pocket court costs, she agreed to reduce the amount of fees and costs to a total of $18,000.00 (Doc. 33 at 5-6). While this amount may be more than 50% of the potential final settlement amount of $30,000.00, counsel participated in significant discovery and substantial negotiations with opposing counsel. Accordingly, "any reluctance of the Court to approve the settlement is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes." *King*, 2015 WL 631253, at *4 (citing *Carrillo*, 2014 WL 2890309, at *7).

The Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised

5

monetary amounts to resolve pending wage and overtime claims." *King*, 2015 WL 631253, at *4 (citing *Carrillo*, 2014 WL 2890309, at *8).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Settlement Approval (Doc. 33) is **GRANTED**. This case is **DISMISSED, with prejudice**.

**IT IS FINALLY ORDERED** that the Court shall retain jurisdiction of this action for the sole purpose of determining whether the settlement should be enforced upon the motion of any party.

Dated this 25th day of May, 2016.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE